No. 29,318.

JOHN JACOBS, *Plaintiff*, v. M. H. TEMPLETON, Principal of Rural High School, District No. 3 of Graham County; A. R. BLACKFORD, Director; M. J. WORCESTER, Clerk, and KATHRYN PRICER, Treasurer, as THE BOARD OF DIRECTORS OF RURAL HIGH-SCHOOL DISTRICT No. 3 OF GRAHAM COUNTY, *Defendants.*

(285 Pac. 541.)

Opinion filed March 13, 1930.

W. L. *Sayers,* of Hill City, for the plaintiff.
J. S. *Parker,* of Hill City, for the defendants.

The opinion of the court was delivered by

JOCHEMS, J.: This was an original action in mandamus brought by the plaintiff in this court to compel the defendant, M. H. Templeton, as principal of rural high-school district No. 3, and other defendants, as the board of directors of the district, to admit the two children of plaintiff, Kenneth and Eleanor Jacobs, to the rural high school.

The petition charged, in substance, that plaintiff is the father of Kenneth and Eleanor Jacobs; that at the opening of the school term in September, 1929, Kenneth Jacobs was admitted by the faculty of the rural high school to the junior class, and Eleanor Jacobs to the sophomore class; that they continued to attend classes

up to and including the first half of Friday, Semtember 20, 1929; that on the afternoon of that date they absented themselves from school for the purpose of attending a football game in a neighboring town. Plaintiff alleged that when school convened the following Monday his children returned to school prepared to resume their work, but that the defendant, M. H. Templeton, principal, refused to permit them to proceed with their school work because they had so absented themselves on the preceding Friday; that thereafter on September 25, 1929, Kenneth Jacobs and Eleanor Jacobs again presented themselves for the purpose of resuming their school work, but that they were ordered to leave the school by the principal; that he threatened to use physical force to eject them from school, if necessary; that he did seize and push Eleanor Jacobs and forced the pupils to leave the school, telling them not to return. Plaintiff further alleged that he called upon each of the members of the board of directors, defendants herein, and protested against the expulsion of his children, requesting them to take steps to permit them to return to the school; that the board met several times, but took no action whatever as a board of directors, although M. J. Worcester, clerk of the board, had indicated a willingness to restore the rights of the pupils to attend the school. Plaintiff further alleged that he had no adequate remedy at law.

The defendants filed a motion to quash the alternative writ in mandamus issued at the institution of this action, and the matter is now before the court upon this motion. Defendants contend that under the provisions of R. S. 72-3509 and 72-1029 the plaintiff at the time of filing his application for the writ had a plain, specific and adequate remedy at law. R. S. 72-1029 reads:

"The district board may suspend, or authorize the director to suspend, from the privileges of a school, any pupil guilty of immorality or persistent violation of the regulations of the school, which suspension shall not extend beyond a period of sixty days: *Provided,* That the pupil suspended shall have the right to appeal from the decision of said board of directors to the county superintendent, who shall, upon a full investigation of the charges preferred against said pupil, determine as to his guilt or innocence of the offense charged, whose decision shall be final."

The portion of R. S. 72-3509 which is applicable to the facts in this case reads:

". . . and county superintendents of public instruction shall have the same general supervision over rural high schools as they have by law over district

schools, and rural high-school districts shall be governed as provided by law for school districts except as provided in this act."

While it is clear that the above-quoted statutes apply to rural high-school district No. 3, of Graham county, Kansas, it does not appear from these sections of the statute that the plaintiff had a plain, adequate and complete remedy at law. The petition of the plaintiff does not set forth a statement of facts which are contemplated by the provisions of R. S. 72-1029, *supra*. Plaintiff's petition charges an expulsion by the principal of the high school—not by the district board. Again it is an expulsion as distinguished from the suspension for which the above section provided. Plaintiff's petition charges an expulsion without limitation as to time. The above statute limits the suspension to sixty days.

Under the facts alleged by plaintiff it is clear that he had no right to appeal to the county superintendent as provided in said section, because the expulsion was not made by the district board, but, on the contrary, it was made by the principal of the school. The board took no action whatever, as shown by plaintiff's petition. Under these conditions the plaintiff could take no appeal. He had no right of appeal to the county superintendent for three reasons:

(1) The expulsion was by the principal of the school and not by the district board.

(2) It was an expulsion without limitation as to time and not a suspension for a period of sixty days.

(3) It was an expulsion for a single infraction of the rules and not for persistent violation.

For the foregoing reasons we hold that under the situation, as shown by plaintiff's petition, he did not have a plain, adequate and complete remedy at law, and the motion to quash should therefore be overruled. It is so ordered.

From an examination of the files in the office of the clerk of the supreme court it appears that the defendants have filed answer, by which they state that the doors of the school have been open to the pupils Kenneth Jacobs and Eleanor Jacobs since November 21, 1929. It is suggested, therefore, that the matter is now moot and that probably no useful purpose could be accomplished by further proceedings herein.